

FILED

OCT 20 2009

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

KRYSTAL NICOLE BARBER,

      Petitioner,

v.                                      CIVIL ACTION NO: 2:09cv250
                                        CRIMINAL NO: 2:08cr90

UNITED STATES OF AMERICA,

      Respondent.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is the Motion of Krystal Nicole Barber ("Petitioner") to Vacate, Set Aside, or Correct a Sentence Previously Imposed, pursuant to 28 U.S.C. § 2255. Having thoroughly reviewed the motions, files, and records in this case, the Court finds that no hearing is necessary to address Petitioner's motion. For the reasons set forth below, Petitioner's § 2255 motion is **DENIED.**

### I. FACTUAL AND PROCEDURAL HISTORY

Petitioner has timely filed a motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. On June 10, 2008, in accordance with the terms of a written plea agreement with the Government, Petitioner pled guilty to one count of Conspiracy to Violate the Controlled Substances Law of the United States, in violation of 18 U.S.C. § 846; one count of Conspiracy to Commit Fraud and Related Activity with Identification

Documents, Authentication Features and Information, in violation of 189 U.S.C. § 1028(f) and

(b)(3); one count of Conspiracy to Commit Wire, Mail and Bank Fraud, in violation of 18 U.S.C.

§ 1349; one count Aggravated Identity Theft, in violation of 19 U.S.C. § 1028A; and one count

of Use of a False Social Security Number, in violation of 42 U.S.C. § 408(a)(7)(B). On

September 30, 2008, the Court sentenced Petitioner to thirty-two (32) months of imprisonment.

The term consisted of eight (8) months on each of Counts 1, 2, 3, and 5, all to be served

concurrently, and a mandatory minimum term of twenty-four (24) months on Count 4 to be

served consecutively to Count 1. On May 26, 2009, Petitioner filed the instant Motion under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On

August 3, 2009, the Government responded to Petitioner's motion. Petitioner filed a late reply

on September 22, 2009.[1]

Petitioner requests that the Court vacate her sentence on the grounds that: (1) Defendant

did not commit Aggravated Identity Theft according to the law; (2) Defendant was not indicted

within 30 days of filing the Criminal Information in violation of Article V of the United Stats

Constitution; (3) Defendant's home was unlawfully searched and evidence seized without a

warrant; and (4) Defendant was forced to plead guilty. In response, the Government contends

that Petitioner's claims are without merit.

---

[1]Petitioner's reply was due by August 26, 2009. On September 14, 2009 Petitioner filed a letter requesting the status of her Petition and stating that she mailed her reply on August 10, 2009. The Clerk's Office responded that it had yet not received her reply. Thus, Petitioner's reply is considered filed as of September 22, 2009, the date of the Clerk's receipt.

## II. LEGAL STANDARD

**A. Section 2255**

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws
> of the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

28 U.S.C. § 2255. A petitioner collaterally attacking his sentence or conviction pursuant to §

2255 bears the burden of proving his grounds for collateral attack by a preponderance of the

evidence. *Miller v. United States*, 261 F.2d 546 (4th Cir. 1958). In deciding a § 2255 motion,

the Court need not hold a hearing if "the motion and the files and the records of the case

conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Furthermore,

if the motion is brought before the judge that presided over the conviction, the judge may rely

upon recollections of previous events. *Blackledge v. Allison*, 431 U.S. 63, 74 n. 4 (1977);

*Carvell v. United States*, 173 F.2d 348, 348-49 (1949) (stating it is highly desirable that § 2255

motions "be passed on by the judge who is familiar with the facts and circumstances surrounding

the trial, and is consequently not likely to be misled by false allegations as to what occurred").

Motions under 28 U.S.C. § 2255 "will not be allowed to do service for an appeal." *Sunal*

*v. Large,* 332 U.S. 174, 178 (1947). For this reason, non-constitutional claims that could have

been raised on appeal, but were not, may not be asserted in collateral proceedings. *Stone v.*

*Powell,* 428 U.S. 465, 478 n.10 (1976). If the issues raised by a petitioner have been fully

considered by a court on appeal, the petitioner may not raise them again under the guise of a

3

collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

Even those non-constitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted "a fundamental defect which inherently resulted in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *United States v. Timmreck*, 441 U.S. 780, 783 (1979). To obtain collateral review based upon errors by the trial court to which no contemporaneous objection was made and upon which no appeal was taken, Petitioner must meet the two part "cause and actual prejudice" test. *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999), *cert. denied*, 529 U.S. 1010 (2000).

The burden upon a petitioner collaterally attacking his sentence under § 2255 is a "significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166. Petitioner must "shoulder the burden" of showing that the errors not only created a possibility of prejudice but infected the entire proceeding to his actual and substantial disadvantage. *Id.* at 170. Therefore, to obtain relief, a petitioner must meet the two part "cause and actual prejudice" test. *Id.* at 167-68. Under that test, "[t]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Id.* at 168. If the petitioner fails to meet the "actual prejudice" prong of the test, the Court need not address whether the petitioner has shown cause. *Id.* at 168. Cause for a procedural default can arise only from "something external to the defense, such as the novelty of the claim or [ineffective assistance of counsel]." *Mikalajunas*, 186 F.3d at 493 (citing *Murray v.*

4

*Carrier*, 477 U.S. 478, 488 (1986)).

A *pro se* petitioner is entitled to have his petition and asserted issues construed liberally. *Pro se* petitioners are held to a less stringent standard than attorneys drafting such complaints. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978). Accordingly, the Court has interpreted the allegations and facts as reasonably as possible.

## III. DISCUSSION

### A. Ground One: Petitioner's Guilty Plea of Aggravated Identity Theft

Petitioner first argues that she did not commit Aggravated Identity Theft according to 18 U.S.C. § 1028A because her drug-based felony is unrelated to any of the crimes listed in the statute. (Pet'r's Mot. to Vacate 5.) As an initial matter, Section 1028A (a) states that "[w]hoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." Section 1028A(c)(5) lists as enumerated offenses, mail, bank and wire fraud, as outlined in 18 U.S.C. §§ 1341 *et seq*. Although Petitioner pled guilty to Conspiracy to Violate the Controlled Substances Law of the United States in violation of 21 U.S.C. § 846, Petitioner also pled guilty to Conspiracy to Commit Wire, Mail and Bank Fraud in violation 18 U.S.C. § 1349. Therefore, this is the predicate offense for the Aggravated Identity Theft charge, and Petitioner's claim is without merit.

Furthermore, the Government correctly asserts that Petitioner does not meet the strict requirements to collaterally attack the validity of her guilty plea agreement after waiving her right to directly appeal her conviction. "A voluntary and intelligent plea of guilty made by an accused

5

person, who has been advised by competent counsel, may not be collaterally attacked." *Bousley v. United States*, 523 U.S. 614, 621 (1998). The Supreme court has "strictly limited the circumstances under which a guilty plea may be attacked on collateral review." *Id.* In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the Petitioner must show cause and actual prejudice resulting from the errors of which she complains, or she must demonstrate actual innocence. *See United States v. Frady*, 456 U.S. 167-68 (1982); *United States v. Maybeck*, 23 F.3d 888, 891-92 (4th Cir. 1994); *Garrett v. United States*, 2006 U.S. Dist. LEXIS 42930, at * 11 (E.D. Va. June 13, 2006).

Petitioner asserts in her Reply petition that she signed her plea agreement "under the influence of mental health medications," and that she did not have any assistance of counsel for her appeal. (Pet'r's Reply 2.) Petitioner also argues that the Government did not prove that the means of identification that Petitioner used belonged to another person. (Pet'r's Reply 3.)

It is clear from the guilty plea hearing transcript that Petitioner's mind was sufficiently clear when she reviewed the plea agreement with the Court. The Court asked Petitioner: "As you stand here this afternoon, have you had any type of medication, substance or anything else that adversely affects your concentration, memory or understanding?" (Tr. 3-4.) Petitioner responded, "I have taken some medication sir...but I understand what's going on, sir." (Tr. 4.) The Court then indicated that it would proceed slowly enough for Petitioner to understand and that Petitioner could at any point indicate that she was not following the substance of the proceedings. (Tr. 4.)

Furthermore, at the guilty plea hearing, the Court inquired of Petitioner whether she was "fully satisfied with the advice and counsel that [she] was receiving from [her] attorney," and the

6

Petitioner responded "Yes, sir." (Tr. 7.)  The Court further inquired whether Petitioner had

discussed waiving her right to indictment by a grand jury with her lawyer, and whether or not she

understood it.  Again, Petitioner responded in the affirmative. (Tr. 9.)  Petitioner also notes in

her Reply that her lawyer told her that she would not be able to appeal after her guilty plea.

(Pet'r's Reply 2.)  In the guilty plea proceedings, the Court found that Petitioner had made an

intelligent and knowing waiver of her right to appeal. (Tr.11.)  Furthermore, Petitioner indicated

that the Statement of Facts, which established guilt of the listed offenses beyond a reasonable

doubt, was correct and the Court found that Petitioner's guilty plea was voluntary and supported

by a sufficient factual basis. (Tr. 34.)  Petitioner has not demonstrated cause and prejudice or

actual innocence.  Furthermore, Petitioner asserts no novel constitutional claim, and she has not

established ineffective assistance of counsel[2] or interference by government officials.  Thus, the

Court finds that Petitioner's claims on Ground One are wholly without merit.

### B. Ground Two: Indictment Within 30 Days of the Criminal Information

Petitioner next claims that she was not indicted within 30 days of the Government's filing

of the Criminal Information, in violation of Article V of the United States Constitution.  This

claim is also meritless. 18 U.S.C. § 3161(b) requires that "a defendant must be charged by

information or indictment, within 30 days of his *arrest*." (emphasis added).  Petitioner was taken

into federal custody on May 15, 2008.  The Clerk of the Court's filing records clearly show that

a Criminal Information was filed against the Defendant less than a month later, on May 30, 2008.

---

[2]Petitioner does not allege ineffective assistance of counsel during her guilty plea hearing and sentencing.  She only states that she had no assistance in filing this § 2255 petition.  However, indigent litigants have no right to appointed counsel to assist them in filing a § 2255 petition. *See Johnson v. Avery*, 393 U.S. 483, 487-488 (1969).

(Doc. 20.) Furthermore, Petitioner waived her right to the filing of an Indictment on June 10, 2008. (Doc. 23.) Therefore, as the Government points out, even if an Indictment should have been filed within 30 days of the Criminal Information, Petitioner nevertheless waived this right on June 10, 2008.

### C. Ground Three: Search of Residence and Petitioner's Arrest

Petitioner next claims that police searched her home and seized evidence without a warrant or valid consent. Petitioner argues that police did not obtain a warrant until after the search had already begun. Furthermore, Petitioner claims that the officers gained admission to her house by ruse. Petitioner also asserts that her arrest violated the Fourth and Fifth Amendments as well as Rule 4(a) of the Federal Rules of Criminal Procedure. (Pet'r's Mot. to Vacate 8.)   The Government argues that the search of Petitioner's residence and her subsequent arrest were valid, and Petitioner's claims are time barred. (Resp. to Mot to Vacate 6.)

A guilty plea generally extinguishes Petitioner's right to collaterally attack independent claims of constitutional violations that do not relate to actual guilt. *See Tollett v. Henderson*, 411 U.S. 258, 266 (1973). A guilty plea does not deprive Petitioner of her right to relief if she demonstrates that misrepresentation or other impermissible government conduct deprived her of her ability to decide intelligently whether to plead guilty. *See Brady v. United States*, 397 U.S. 742, 757 (1970).

In this case, Petitioner fails to show that she did not knowingly and intelligently plead guilty. Petitioner signed a Statement of Facts that states that she gave the officers full oral consent to search her residence. (Statement of Facts 8.) The Statement of Facts also indicated that police detectives arrested Petitioner based on probable cause of alleged prescription fraud at a

pharmacy. (Statement of Facts 7-8.) Petitioner asserts in her Reply that she was under the influence of prescription medication that affected her thinking and judgment when she signed the guilty plea. (Pet'r's Reply 4.) However, at the beginning of the guilty plea hearing, the Court asked Petitioner whether she was currently under the influence of any drugs affecting her concentration, memory or understanding. (Tr. 3.) Petitioner stated that she had taken some medication, but that she "underst[ood] what was going on." (Tr. 4.) Later in the hearing, the Court asked Petitioner whether the Statement of Facts was accurate, and Petitioner answered that it was. (Tr. 31.) The Court also inquired whether the Petitioner had read and signed the Statement of Facts, and again Petitioner stated that she had. (Tr. 31.) Thus, Petitioner had the opportunity to dispute the factual basis of the plea and she did not. Petitioner raises no novel constitutional claim, nor does she offer evidence that the government deprived her of important exculpatory information. Therefore, Petitioner fails to establish cause and actual prejudice, and Ground Three raises no basis for relief.

### D. Ground Four: Police Tactics in Obtaining Petitioner's Guilty Plea

Finally, Petitioner argues that police used fear and coercive tactics in order to elicit a guilty plea. Petitioner further asserts that she was "under a mental condition (depression)" and "mental health medication" when she pled guilty, and that she was told that she would receive less time if she pled guilty. (Pet'r's Mot. to Vacate 9.) The Government avers that Petitioner was not forced to plead guilty, Petitioner was not under the influence of medications affecting her judgment at the time of her plea, and that Petitioner did not raise any of theses claims before or during the plea agreement. (Resp. to Mot. to Vacate 8.)

The Court construes Petitioner's claim as one that her guilty plea was not knowing,

9

voluntary and intelligent. The Supreme Court has held that guilty pleas must be knowing and voluntary to be valid under Rule 11 of the Federal Rules of Criminal Procedure. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Thus, when the record of a criminal conviction obtained by guilty plea contains no evidence that a defendant knew of the rights she was waiving, the conviction must be reversed. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). However, the Court finds that Petitioner has not produced any evidence to show that any medications or police coercion contributed to her guilty plea. At the guilty plea hearing, the Court inquired whether anyone had forced Petitioner to enter into the plea agreement. Petitioner answered, "No, sir." (Tr. 13.) At the hearing, Petitioner asserted that she was not under any mind altering drugs that would affect her concentration or judgment. (Tr. 4.) Furthermore, the Government correctly directs the Court's attention to a letter to the Court dated March 22, 2009, six months after Petitioner's sentencing, in which the Petitioner states that the only drug she has ever taken was a prescription diet drug, and that she was "advised to pretend to have greater mental and drug problems in order to get a program instead of prison time." (Doc. 46.)

Petitioner also asserts that she was told she would receive a reduced sentence if she pled guilty. Even though it is not clear from her petition who Petitioner claims told her this, the transcript of the proceedings reflect that the Court advised Petitioner that in sentencing her, the Court would consider a number of factors including the Sentencing Guideline range, but that the ultimate determination rested with the Court. (Tr. 24.) In light of the guilty plea hearing transcript, the Court's recollection of the proceedings, and the March 22, 2008 letter by the Petitioner, the Court finds that Petitioner's plea was free and voluntary and her claims of coercion and a drug-inducement are baseless.

10

### E. Evidentiary Hearing

Petitioner moves for an evidentiary hearing as to all of the claims set forth in the instant petition. The Court may rule on the petition without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In order to obtain an evidentiary hearing, petitioner must come forward with some evidence that the claim has merit. *Nickerson v. Lee,* 971 F.2d 1125, 1136 (4th Cir. 1992), *cert. denied,* 507 U.S. 923 (1993), *abrog'n on other grounds recog'd, Yeatts v. Angelone,* 166 F.3d 255 (4th Cir. 1999). A hearing is not required where a petitioner's allegations are clearly contradicted by the record, *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970), or where the petition is devoid of factual allegations and contains solely legal conclusions. *Sanders v. United States,* 373 U.S. 1, 19 (1963). The Court may also rely on its recollection of previous proceeding in determining whether a hearing is required. *Hodge v. United States,* 217 F.2d 716, 717 (4th Cir. 1954).

Petitioner is not entitled to an evidentiary hearing on this matter because she has not submitted any evidence to support her claims. The claims Petitioner makes in her Motion to Vacate are plainly contradicted by the guilty plea transcript and by the Court's recollection of the proceedings. There is no genuine factual dispute that requires a hearing, and the record clearly establishes that Petitioner is not entitled to any relief. Furthermore, because Petitioner entered into a plea agreement waiving her right to appeal, Petitioner did not pursue these issues in the United States Court of Appeals for the Fourth Circuit. Petitioner can show neither cause nor actual prejudice, as she cannot establish that failure to consider this claim would constitute a miscarriage of justice. Petitioner's claim is groundless and is **DENIED.**

## IV.  CONCLUSION

For the reasons set forth above, the Court finds that it is clear from the pleadings, files, and record that the Petitioner is not entitled to relief.  Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

The Court **ADVISES** Petitioner that he may appeal from this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  The Clerk must receive this written notice within sixty (60) days from this Order's date.

The Clerk is **DIRECTED** to mail a copy of this Memorandum Order to Petitioner and to the United States Attorney.

**IT IS SO ORDERED**.

Norfolk, Virginia
October 20, 2009

Raymond A. Jackson
United States District Judge