Case 2:08-cr-00090-RAJ-TEM   Document 78   Filed 12/04/15   Page 1 of 3 PageID# 330



FILED

DEC - 4 2015

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**KRYSTAL NICOLE BARBER,**

    Petitioner,

v.                                      CRIMINAL NO: 2:08cr90

**UNITED STATES OF AMERICA,**

    Respondent.

### MEMORANDUM ORDER

Krystal Nicole Barber ("Petitioner") has filed a *pro se* Petition for Writ of Error Coram Nobis to expunge her criminal conviction in this Court. On June 10, 2008, in accordance with the terms of a written plea agreement with the Government, Petitioner pled guilty to Counts One, Two, Three, Four, and Five of the Information, having waived indictment. Count One charged her with Conspiracy to Violate the Controlled Substances Law, in violation of 21 U.S.C. § 846. Count Two charged her with Conspiracy to Commit Fraud and Related Activity with Identification Documents, Authentication Features, and Information, in violation of 18 U.S.C. § 1028(f) and (b)(3). Count Three charged her with Conspiracy to Commit Wire, Mail and Bank Fraud, in violation of 18 U.S.C. § 1349. Count Four charged her with Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A. Count Five charged her with Use of a False Social Security Number, in violation of 42 U.S.C. § 408(a)(7)(B). On September 29, 2008, the Court sentenced Petitioner to 8 months on Counts One, Two, Three, and Five, to run concurrently, and 24 months on Count Four, to run consecutively. On May 26, 2009, Petitioner filed a motion for relief pursuant to 28 U.S.C. § 2255 on various grounds, among them that she was forced to plead guilty. Her petition was denied on October 20, 2009.

On February 5, 2013, the Court entered an Order which terminated Petitioner's period of supervised release. On December 18, 2013, Petitioner's case file was sent to the federal records center for storage. On September 14, 2015, Petitioner filed the instant action requesting (1) that the Court vacate and set aside her 2008 conviction. (2) expunge her conviction, and (3) reduce all her federal felony charges to equivalent misdemeanor charges. As a basis for this relief she alleges that she recently learned that the case agent Detective Thomas of the Virginia Beach Police Department, the case agent overzealously pursued the case. He had a conflict of interest because the daughter of one of his close friends passed away from prescription drug overdose. She further alleges that her confession was coerced and her guilty plea was forced.

The writ of error coram nobis has been abolished in civil cases. See United States v. Beggerly, 524 U.S. 38, 44-45 (1998). While not totally abolished in criminal cases, the writ of coram nobis has been largely supplanted in criminal cases by § 2255. See Carlisle v. United States, 517 U.S. 416, 429 (1996); see also United States v. Addonizio, 442 U.S. 178, 185-86 (1979). One of the few remaining situations in which a writ of coram nobis may still be appropriate is when a petitioner has completed a sentence on a conviction that was void. See e.g. U.S. v. Mandel, 862 F.2d 1067, 1074-75 (4th Cir. 1988) (statute did not apply to petitioner's conduct). A judgment is not void merely because it is erroneous; a void judgment is one where the court lacked subject matter or personal jurisdiction or acted in a way that was inconsistent with due process. Schwartz v. U.S., 976 F.2d 213, 217 (4th Cir. 1992). Moreover, there are two primary requirements for issuance of a writ of coram nobis; there must have been a fundamental error and no other remedies are available. Mendoza v United States, 774 F. Supp. 2d.791, 795 (E.D. Va. 2011).

First, although Petitioner has completed her sentence, her conviction is not void. The Court had proper subject matter and personal jurisdiction of Petitioner. Moreover, Petitioner has not shown that

there was a fundamental error committed in her trial. Her claim that the police detective Thomas had a conflict of interest is not a fundamental error which entitles her to relief from her conviction. At best, if proven, it could raise an issue of credibility of Detective Thomas.

Second, Petitioner's claims that her confession was coerced and her plea was forced are issues appropriate for consideration in a 2255 petition. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (claim of ineffective assistance of counsel should be raised in a § 2255 motion); see also Raines v. United States, 423 F.2d 526, 528 & n.1 (4th Cir. 1970) (challenge to voluntariness of plea should be raised in § 2255 motion rather than coram nobis). In fact, Petitioner raised the claim that her plea was forced in her 2255 petition and it was denied. In challenging the voluntariness of her confession, it appears Petitioner is now attempting to circumvent the requirements of Section 2255. However, this claim cannot now serve as the basis for relief in her petition for coram nobis because it is inappropriate for the petition and in a 2255 petition it would be time-barred and successive. Thus, Petitioner has not shown that there was no other remedy available to her. The mere fact that a motion under § 2255 would now be time-barred, does not make the remedy unavailable. See In re Vial, 115 F.3d 1192, 1194, n.5 (4th Cir. 1977).

For these reasons, Petitioner's Petition for Writ of Error Coram Nobis is **DENIED**. Petitioner is **ADVISED** that she may appeal this order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, VA 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date.

The Court **DIRECTS** the Clerk to mail a copy of this Order to Petitioner and to the United States Attorney.

**IT IS SO ORDERED.**

Norfolk, Virginia
December 3, 2015

Raymond A. Jackson
United States District Judge

3